UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES E. FERGUSON,[1]

        Plaintiff,

   v.                                     Case No. 22-cv-758-pp

STATE OF WISCONSIN,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4), DISMISSING CASE FOR FAILURE TO STATE A CLAIM AND DENYING AS MOOT PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. NO. 6)**

---

The plaintiff has filed eighteen cases in this district, many of them against the State of Wisconsin.[2] The plaintiff appears to be challenging his

---

[1] The caption of the complaint identifies the plaintiff as the "personal representative" for Nolan Ferguson Probate Estate and Caldon Ferguson. Dkt. No. 1 at 1. Although the opening page of the complaint appears to describe these individuals, the allegations in the complaint make no reference to them and seem unrelated to them.

[2] Ferguson v. McCaughtry, Case No. 90-cv-349; Ferguson v. McCaughtry, Case No. 91-cv-863; Ferguson v. Siedschlag, Case No. 91-cv-885; Ferguson v. Maraski, Case No. 91-cv-1230; Ferguson v. McCaughtry, Case No. 91-cv-1359; Ferguson v. Seitta, Case No. 92-cv-366; Ferguson v. Dier-Ziemmel, Case No. 92-cv-920; Ferguson v. Coxs, Case No. 93-cv-227; Ferguson v. Edlein, Case No. 12-cv-661; Ferguson v. Office Deport Management, Case No. 15-cv-31; Ferguson v. Milwaukee County Court, Case No. 15-cv-1544; Ferguson v. State of Wisconsin, Case No. 16-cv-933; Ferguson v. City of Milwaukee, Case No. 17-cv-74; Ferguson v. United States HSS, Case No. 18-cv-1213; Ferguson v. State of Georgia, Case No. 18-cv-1238; Ferguson v. Milwaukee County Probate Court, Case No. 22-cv- 241; Ferguson v. State of Wisconsin, Case No. 22-cv-316.

1

1985 arrest and 1986 conviction on a sexual assault charge, as well as a 1992 revocation proceeding. He labels his claims: (1) "DENIAL OF A SPEEDY TRIAL BECAUSE OF COMMITMENT ORDER OF 15 dy [sic] OBSERVATION DELAY"; (2) "WHILE IN CUSTODY PENDING PAROLS [sic] REVOCATION PLAINTIFF WAS CHARHED [sic] WITH MISDEMEANOR DISORDERLY CONDUCT & HE WAS DENIED A SPEEDY TRIAL WITHIN 60 DAYS." Dkt. No. 1 at 2. The plaintiff claims that his sentence expired in 1995. Id. at 2. He asks the court to dismiss cases "L-1459 & L-2918 for the denial of a Speedy Tri and Committments for mental health that delayed justice $3 mi FOR FORCING TO REPORT AS A MENTAL HEALTH DEPRIVED PERSON OR L $5 MILLION DOLLARS." Id. The plaintiff filed an incomplete motion for leave to proceed without prepaying the filing fee, which the court will grant. Dkt. No. 4. The court will dismiss the case for failure to state a claim and deny as moot the plaintiff's motion for judgment on the pleadings. Dkt. No. 6.

I. **Plaintiff's Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 4)**

The court first must decide whether the plaintiff can pay the filing fee; if not, it must determine whether the lawsuit is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff says that he is employed, he is not married and he is not financially responsible for any dependents. Dkt. No. 4. He says receives $920 each month in Social Security benefits and estimates that his monthly expenses total "approximately $1000." Id. at 2-3. He owns a truck valued at $1,500. He does not own a home but pays rent in the amount of $650; he has

2

no cash on hand or in a checking or savings account. Id. at 2-3. He checked neither the "Yes" or the "No" box when asked if he owned any other property of value, but under "If 'Yes,' describe the property and the approximate value(s)," he wrote "FROZEN ASSTS IN PROBATE." Id. at 4. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee.

Although it appears that the plaintiff lacks the ability to pay the filing fee, the court advises the plaintiff that it is granting him leave to proceed without *prepaying* the fee. He still is obligated to pay the filing fee. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original).

## II.     Screening

The court must review a complaint filed by a litigant who is representing himself to determine whether his claims are legally "frivolous or malicious," fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the

3

same time, the allegations "must be enough to raise a right to relief above the speculative level." Id.

The complaint begins with the following paragraph:

> ex re., CHARLES E. FERGUSON, 2525 N. 38th., St., Milw., WI 53210 claiming direct discent to SAMUEL FERGUSON & MARY JAMISON MASON LODGE No 441 CONTINENTAL ARMY brigade founded in 1737 An Irish R a.k., (uncle SAM!)..( CHIEF SONNY BOY FERGUSON MOSOCGEE 4 SOVERIEIG NATIONS, AND ONE IROQUOI NATION under HIAWATHI CONTINENTAL CONGRE Pursuance to Artl VI U.S. Constitution addressed as the Confedera SAMUEL (SONNY BOY) FERGUSON was a LORD CHALLENCELLOR, and his Cous Patrick Ferguson was a Military sain of Lodge 441.
> PLAINTIFF FATHER WAS NOLAN FERGUSON Founder of St. Mark C.O.I.C., NOLAN FERGUSON JR., is a MOSCOGEE NATIVE AMERICAN INDIAN SUMERIAN BLACK BUSINESS HEADED deceased brother of Plaintiff, and Caldon nee Glover-FERGUSON personal Representative of Nolan Ferguson, Jr., Probate Estate with numerous amounts of withheld assets that are FROZEN by the UNITED STATES GOVERNMENT since 1977… Caldon Fergu willed nolan ferguson jr estate to charles ferguson your plaintif in the year 1981, since that time Plaintiff was charged with sexua assaulting his Girlfriend and he was committed for [ ] observation [ ] misnomer complaint being challenged by Habeas in the year 1985 presiding Judge was Canon, Robert, denied pre-trial habeas corpus because Plaintiff could not have it sworn to in his court …etc..

Id. at 2 (misspellings in the original).

The plaintiff raises two claims based on speedy trial violations in 1985-86 and 1992. Id. at 2. The first appears to have occurred during his 1985 sexual assault trial and the second during a January 1992 arrest for disorderly conduct. Id. He maintains that his "mental health was perfect" and that the sentence is "void." Id. In addition to asking for the dismissal of the two cases,

4

he appears to seek $3 milion and/or $5 million dollars. Id. The plaintiff signed the complaint as "Charles E. Ferguson, Moscogee U.s.a., cls." Id.[3]

The plaintiff cannot sue the State of Wisconsin. Section 1983 of Title 42 of the United States Code allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Supreme Court has determined that a state is not a "person" as that term is used in §1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989).

Nor does the court have the authority to grant the requested relief. This federal court does not have the authority to dismiss two state cases that were decided decades ago. Once a plaintiff files a direct appeal from his conviction and exhausts his state court remedies, he can file a federal *habeas* petition under 28 U.S.C. §2254. With few exceptions, however, a federal *habeas* petition must be filed within one year of the state conviction becoming final, 28 U.S.C. §2254(d)(1)(A), and the plaintiff needs to seek leave from the United States Court of Appeals for the Seventh Circuit to file a second or successive petition, 28 U.S.C §2244(b)(3) and (4). A §1983 plaintiff who seeks damages by challenging the legality of his criminal conviction must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal or called into question by the issuance of a federal writ of *habeas corpus.* Savory v. Canon, 947 F. 3d

---

[3] Two weeks after the plaintiff filed the complaint, the court received from the plaintiff a second copy of the same complaint, which the clerk's office docketed as a supplement. Dkt. No. 5.

5

409, 415 (7th Cir. 2020) (citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)). The plaintiff has not alleged or demonstrated any of these things.

Because the plaintiff has sued a defendant not subject to suit and because he cannot challenge the validity of his criminal convictions via a claim for damages, the court must dismiss the plaintiff's complaint for failure to state a claim.

Although courts generally permit a civil plaintiff at least one opportunity to amend the complaint, the court need not do so where the amendment would be futile. See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3d. 768, 783 (7th Cir. 2015)). Given the deficiencies the court has identified and the many ways in which the plaintiff has tried to raise these allegations, the court cannot conclude that the plaintiff could remedy the deficiencies by amending the complaint.

### III. Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 6)

Three and a half months after the plaintiff filed the complaint, he filed a motion for "judgment on the pleading(s)" in Case Nos. 16-cv-933, 17-cv-74, 22-cv-241, 22-cv-316, 22-cv-758 and 18-cv-123. Dkt. No. 6. The caption of the document names the undersigned (Pamela Pepper), Lynn Sean Adelman, the City of Milwaukee, Ann Hodges, Milwaukee County Probate Court, Mary Panzer Law Firm and "MU-SLA." Id. at 1. While the heading bears the words

"JUDGEMENT On the PLEADING(S) FRCP 65," the title of the document is "CONTENTS OF ALLEGATIONS OF FRAUD(S)." Id. On page 3 of the document, the plaintiff demands damages "AGAINST INITIES CITED" of $50 billion dollars "FROM EACH MU- STATE THAT FORMS THE MULTI-STATE LOTERIES [sic] Times 52 States in the Uniteds [sic] and a 66/2/3,s % Per Captia Rato [sic] annually RESTRORATION OF ALL SEIZED PROPERTY BELONG TO FEGUSON, as listed above 5 MILLION BILLION DOLLARS FROM MU-SLA." Id. at 3. The plaintiff also asks for a temporary restraining order prohibiting the city of Milwaukee from "conducting any more illegal Business toward any listed properties." Id.

The body of the document refers to the complaint the plaintiff filed in Ferguson v. Milwaukee County Probate Court, Case No. 22-cv-241 (E.D. Wis.),[4] in which he says he made allegations against various entities and persons regarding the death of the plaintiff's mother's son, Nolan Ferguson, whom the plaintiff describes as "KINGPIN LOTTERY OWNER." Id. at 1. The plaintiff lists his first claim as "DECIDING CASE 22-cv-241 pp as a PRISONERS PETITION FOR Habeas Corpus." Id. Among other things, the plaintiff asserts that Lynn Sean Adelman and Bill Adelman caused the murder of Nolan Ferguson in Arkansas. Id. The plaintiff lists his second claim as "LYNN SEAN ADELMAN CITY SPECIAL ATTY WAS A CITY OF MILWAUKEE ATTY, & COULD NOT

---

[4] This court dismissed Case No. 22-cv-241 on April 22, 2022 for failure to state a claim upon which a federal court could grant relief. Case No. 22-cv-241 at Dkt. No. 5. The plaintiff filed the motion in this case just shy of six months later.

7

REPRESENTI NOLAN FERGUSON JR., CALDON FERGUSON, & CHARLE." Id. at 2. This claim alleges that "Adelman" caused the plaintiff's birth certificate in Arkansas to be fraudulently altered. Id. The third claim is listed as "THE WISCONSIN FEDERAL COURT HAVE BEEN SUCCESSFUL IN COVERING UP ADELMAN CRIMINAL ACTS." Id. The plaintiff alleges that "Pepper is just as GUILTY AS ADELMAN WHERE BOTH BELONG TO THE SAME LIONs CLUB, not Limited to MARY PANZER LAW FIMRS, THAT FILES CASE . . . ." Id. The remainder of the document describes various other facts and allegations regarding alleged deprivation of real estate, wrongful death, false imprisonment and conflict of interest. Id. at 2-3.

This motion has nothing to do with the allegations in *this* case. It does not reference the defendants named in this case or the facts alleged in this case. Arguably it has something to do with the facts alleged in Case No. 22-cv-241, but that case was dismissed months before the plaintiff filed this motion. The motion does not cite the standard for a motion for judgment on the pleadings and the allegations in the motion are confusing and disjointed. If the motion were not moot due to the fact that the court is dismissing the case for failure to state a claim, the court would deny the motion on its merits.

**IV.     Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **DENIES AS MOOT** the plaintiff's motion for judgment on the pleadings. Dkt. No. 6.

8

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim upon which relief may be granted. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 17th day of May, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**